UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Jane Doe
Plaintiff,
v.

Case: 1:25-cv-00632
Assigned To : Unassigned
Assign. Date : 3/4/2025
Description: Pro Se Gen. Civ. (F-DECK)

CHIEF JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, in official capacity;
CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, in official capacity;
ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS,
Defendants.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes now the Plaintiff, proceeding pro se, and hereby files this Complaint against the Defendants, alleging as follows:

I. INTRODUCTION
　　1. This is an action for declaratory and injunctive relief challenging the current removal process for cases filed in the Superior Court of the District of Columbia ("Superior Court").
　　2. Plaintiff alleges that the existing process, which allows for removal to the United States District Court for the District of Columbia ("District Court") based solely on a notice of removal, violates the Plaintiff's due process rights and creates an unfair procedural disadvantage for pro se litigants.
　　3. The current lack of a pre-removal hearing deprives pro se litigants of a meaningful opportunity to be heard in their original forum before their case is transferred to a more complex federal system.
　　4. Plaintiff further asserts that removal should require a Motion for Removal and a pre-removal conference in Superior Court, ensuring that a judge rules on the motion before transfer occurs, allowing the plaintiff to articulate objections to removal in their original forum.

II. JURISDICTION AND VENUE
　　5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the case arises under the Constitution and laws of the United States.
　　6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), as the District of Columbia is where the Defendants reside and where the events giving rise to this action occurred.

III. FACTUAL BACKGROUND

7. Plaintiff is a resident of Alexandria, Virginia, a veteran of the United States Armed Forces, having served in Operation Iraqi Freedom, and a pro se litigant in a personal injury claim filed in the Superior Court of the District of Columbia.

8. Plaintiff's case was removed from the Superior Court of Washington, D.C., and placed in the D.C. Federal Courts by the Department of Justice ("DOJ") without a pre-removal hearing, despite not presenting a federal question that would justify removal.

9. The Defendants are:

- Chief Judge of the United States District Court for the District of Columbia, sued in official capacity, as the presiding officer responsible for overseeing court procedures.
- Clerk of the United States District Court for the District of Columbia, sued in official capacity, responsible for processing removal notices.
- The Administrative Office of the United States Courts, the entity overseeing federal court administration.

A. Harm to Plaintiff and Pro Se Litigants

10. Plaintiff has suffered the following injuries as a result of the removal process:

- Denial of a Meaningful Opportunity to Be Heard: The Plaintiff was unable to contest the removal in Superior Court before the case was transferred.
- Increased Litigation Burden: The shift to federal court imposed stricter pleading and procedural requirements, creating an unfair disadvantage for a pro se litigant.
- Risk of Dismissal Based on Procedural Grounds: DOJ filed a motion to dismiss post-removal, despite the claims not involving a federal question, showing how removal can be used to prejudice pro se litigants.
- Chilling Effect on Access to Justice: The abrupt transfer discourages pro se litigants from pursuing legitimate claims due to procedural complexity.

11. The removal process disproportionately burdens pro se litigants, violating due process protections under the Fifth Amendment.

IV. CAUSES OF ACTION

A. Violation of Procedural Due Process (Fifth Amendment)

12. The lack of a pre-removal hearing deprives pro se litigants of procedural due process rights guaranteed by the Fifth Amendment.

13. The Supreme Court has held that procedural fairness requires that individuals have a meaningful opportunity to contest adverse governmental actions before suffering harm. (Mathews v. Eldridge, 424 U.S. 319 (1976)).

14. By allowing cases to be removed without a hearing or judicial determination, Defendants unconstitutionally shift the burden to pro se litigants to fight removal after they have already been transferred to a more complex jurisdiction.

B. Novel Legal Argument: The "Congressionally Chartered Procedural Equity" Doctrine

15. The Superior Court of the District of Columbia is not a state court—it is a congressionally created court, established under Article I of the Constitution.
16. Because Congress has exclusive legislative authority over D.C. courts, it has a quasi-fiduciary duty to ensure procedural fairness (Bolling v. Sharpe, 347 U.S. 497 (1954)).
17. The removal process is inequitable because it disproportionately affects pro se litigants, violating fundamental fairness principles under M.L.B. v. S.L.J., 519 U.S. 102 (1996).
18. To comply with procedural due process, the removal process must include a pre-removal safeguard, requiring:

- The opposing party (removing defendant) to file a Motion for Removal, rather than merely a Notice of Removal.
- A pre-removal conference in the Superior Court, where a judge will:
- Inform the plaintiff (especially if pro se) of the legal basis for removal.
- Allow the plaintiff to articulate any objections to removal before the case is transferred.
- Rule on the Motion for Removal before removal is finalized.

V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A declaratory judgment that the current removal process for cases filed in the Superior Court of the District of Columbia violates procedural due process rights under the Fifth Amendment.

B. An injunction requiring procedural safeguards in cases involving pro se litigants, including:
- A mandatory pre-removal conference in the Superior Court before removal is finalized.
- A requirement that the removing defendant must file a Motion for Removal (rather than a Notice of Removal), allowing for judicial review before transfer.
- A Superior Court judge must rule on the Motion for Removal, giving the plaintiff an opportunity to object to removal in their original forum before transfer.
- A requirement that removal notices include a plain-language explanation for pro se litigants.

C. An order directing the Administrative Office of the United States Courts to conduct a study on the impact of the removal process on pro se litigants in D.C. courts and to report its findings to Congress.

D. Permission to proceed anonymously in this matter due to reasonable fear of retaliation from the government.

E. Such other and further relief as this Court deems just and equitable.

Alternative Approach

Rather than adding the Superior Court of the District of Columbia as a defendant, Plaintiff requests that this Court:
- Consider naming the Chief Judge of the Superior Court of D.C. in their official capacity instead of suing the court itself.

- Issue an injunction requiring the Superior Court to implement procedural safeguards, including a mandatory pre-removal hearing.

- Order the Superior Court to establish a review process for pro se litigants facing removal, ensuring procedural guidance before transfer.

Final Recommendation

To avoid legal hurdles such as sovereign immunity and judicial immunity, Plaintiff:
1. Keeps the focus on federal defendants and the removal process.
2. Requests the Court issue an injunction directing procedural changes in the Superior Court.
3. Reserves the right to amend the complaint if additional grounds emerge.

Dated: March 3, 2025

Respectfully submitted,

*[signature]*

Plaintiff, Pro Se